IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRY BARKSDALE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.DKC-12-0398 |
| CAPTAIN MILES, | * | |
| WARDEN PHIL MORGAN, | | |
| SGT. CARDER, and | * | |
| DPSCS HEADQUARTERS | | |
| | * | |
| Defendants | | |

\*\*\*

<u>**MEMORANDUM OPINION**</u>

The above-captioned Complaint[1] was filed on February 8, 2012 and concerns Plaintiff's

allegations that he was improperly accused of threatening a member of the staff at Jessup

Correctional Institution (JCI), resulting in his transfer to Western Correctional Institution (WCI).

ECF No. 1.  Plaintiff seeks monetary damages for lost wages as well as reinstatement of lost

diminution of confinement credits.  For the reasons that follow, a portion of the Complaint must

be dismissed.[2]

Plaintiff's transfer included his confinement to administrative segregation at WCI.  He

was told he was so assigned because he allegedly threatened a staff member at JCI.  Plaintiff

states he was never charged with a rule violation, never given notice of the allegations against

---

[1]       The Complaint was accompanied by a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) and a
Motion to Appoint Counsel (ECF No. 3).  Plaintiff's Motion for Leave to Proceed in Forma Pauperis will be granted
subject to imposition of partial payment of fees upon receipt of a verified inmate account statement.
        A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary
one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*,
518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Upon consideration
of Plaintiff's pleadings, the court finds that he has demonstrated the wherewithal to either articulate the legal and
factual basis of his claims himself or secure meaningful assistance in doing so.  There are no exceptional
circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1) at this
time; therefore, the motion will be denied.

[2]       The named Defendant, "DPSCS Headquarters" is not a "person" within the meaning of 42 U.S.C. §1983;
therefore, DPSCS Headquarters will be dismissed from the case.

him, and never provided an opportunity to hear the evidence against him.  Eventually case management staff at WCI removed Plaintiff from administrative segregation because the allegations against him could not be substantiated and he had no history of violent behavior during his confinement to JCI.  Plaintiff denies ever threatening anyone at JCI.

Notwithstanding his removal from administrative segregation, Plaintiff seeks redress for the period of time he was so assigned and thus missed the opportunity to earn additional diminution of confinement credits and to earn money in an institutional job.  In order to state a claim regarding a housing assignment the Defendants' actions must have imposed an "atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Assignment to administrative segregation pending investigation is not atypical as it is not extraordinary for inmates to be so assigned for a number of reasons.  *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983).  To the extent that directives governing the internal operating procedures in the prison were violated, that factor alone does not establish a constitutional claim.  Additionally, Plaintiff's loss of income and opportunities to earn diminution of confinement credits are not factors creating a significant hardship.  "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), *see also Greenholtz v. Inmates Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979) (no liberty interest in expectation of early release on parole).

To the extent that Plaintiff is claiming he was subjected to punishment without due process of law, his claim must fail.  Although prisoners do retain rights under the Due Process Clause with respect to certain prison disciplinary proceedings, those proceedings are not part of a

criminal prosecution and the full array of rights due a criminal defendant does not apply. *See*

*Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (*citing Morrissey v. Brewer*, 408 U.S. 471, 488

(1972)).   In prison disciplinary proceedings where an inmate faces the possible loss of

diminution credits, he is entitled to certain due process protections.   Because there is no

allegation in this case that previously earned credits were revoked, the procedural protections

delineated in *Wolff* do not apply.

Plaintiff's claim that the report stating he threatened a staff member remains in his prison

file and poses a potential detrimental effect to any future parole consideration is a viable claim

and will proceed for a response. *See Paine v. Baker*, 595 F. 2d 197 (4th Cir. 1979) (inmate has

constitutional right to have prejudicial erroneous information expunged from prison files).

A separate Order follows.


February 23, 2012                                                          /s/
Date                                                     DEBORAH K. CHASANOW
                                                         United States District Judge