IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRY BARKSDALE | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. DKC-12-398 |
| CAPTAIN MILES, | * | |
| WARDEN PHIL MORGAN, | | |
| SGT. CARDER | * | |
|     Defendants | | |
| | *** | |

## **MEMORANDUM OPINION**

I. Procedural History

    The above-captioned Complaint was filed on February 8, 2012, and involves Plaintiff's allegations that he was accused of threatening a staff member at the Jessup Correctional Institution ("JCI") while employed in the Maryland Correctional Enterprises ("MCE") furniture shop, resulting in his transfer to Western Correctional Institution ("WCI") on April 13, 2010, without receiving an incident report, infraction, or hearing. ECF No. 1. Plaintiff seeks monetary damages for lost wages as well as the restoration of lost good conduct credits.

    On February 23, 2012, the Complaint was dismissed against Defendant Department of Public Safety and Correctional Services Headquarters and as to Plaintiff's due process claims regarding his transfer to WCI and post-transfer assignment to administrative segregation. (ECF Nos. 3 & 4). Plaintiff's claim that the report stating he threatened a JCI staff member remained in his prison file and could have a detrimental effect on future parole consideration was found to be a viable claim and proceeded for a response. Plaintiff was subsequently permitted to amend his Complaint specifically to claim that the Maryland Parole Commission ("MPC") relied on the aforementioned erroneous information to deny him parole. (ECF Nos. 6-9).

II. Dispositive Pleadings

On August 3, 2012, Defendants Morgan and Carder filed a Motion for Summary Judgment.[1]  (ECF No. 25).   Plaintiff filed an Opposition and a Motion to Appoint Counsel on the same day.  (ECF Nos. 27 & 28).  Defendants in turn filed a Reply and Plaintiff filed a Surreply.  (ECF Nos. 29 & 30).  The case is ripe for consideration and may be determined on the papers without the necessity of a hearing.  See Local Rule 105.6 (D. Md. 2011).

III. Analysis

In seeking the appointment of counsel, Plaintiff claims that he cannot afford to hire an attorney, his confinement limits his ability to litigate the case, and the issues and testimony in the case are complex and conflicting.  (ECF No. 27).  Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(e).  Under § 1915(e)(1) a Court of the United States has the discretion to request an attorney to represent any person unable to afford counsel.  The appointment of counsel in such situations may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant.  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id*.   Plaintiff has thus far shown the wherewithal to present his Complaint and dispositive papers.  Further, the allegations in this case do not involve complicated issues for review.  *See McEachin v. McGuinnis*, 357 F.3d 197, 205 (2d Cir. 2004) (appointment of counsel may be required where case presents complex legal issues).  Plaintiff

---

[1] Service of process was not effected on Defendant Miles.

has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the Motion for Appointment of Counsel will be denied. The Court shall now examine the merits of the existing due process claim.

Pursuant to Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to…the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644–45 (4th Cir. 2002). The court, however, must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt,* 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24 (1986)). Summary judgment is appropriate where a party fails to make a showing sufficient to establish the elements essential to the party's claim and on which the party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). There must be sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 252 (1986), and a "mere scintilla of proof...will not suffice to prevent summary judgment." *Peters v. Jenney,* 327 F.3d 307, 314 (4th Cir. 2003).

Plaintiff is serving a life sentence for first-degree-murder, commencing March 11, 1989, a consecutive 10-year sentence for use of a handgun in the commission of a crime of violence, and a concurrent five-year sentence for arson. (ECF No. 25 at Ex. 1, Meehan Decl.). He was first considered for parole on September 21, 2007, and was given a four-year re-hearing date. (*Id*.). On October 7, 2011, MPC Commissioners Mattie Meehan and H. Erle Schaefer considered Plaintiff for parole, reviewing only his parole file (*Id*. at Ex. 2). They noted that "after considering all of the statutory factors listed in Correctional Services Article, § 7-305," the Plaintiff should be reheard for parole in October 2014.[2] The Commissioners considered

---

[2]   Code of Maryland Regulations ("COMAR") 12.08.01.18.A. provides that:

(1) The [Parole] Commission shall have the exclusive power of parole release. In determining whether a prisoner is suitable for release on parole, the Commission considers:

   (a) The circumstances surrounding the crime;

   (b) The physical, mental, and moral qualifications of persons who become eligible for parole;

   (c) Whether there is reasonable probability that the prisoner, if released on parole, will remain at liberty without violating the laws; and

   (d) Whether the release of the prisoner on parole is compatible with the welfare of society.

(2) The Commission also considers the following criteria:

   (a) Whether there is substantial risk the individual will not conform to the conditions of parole;

   (b) Whether release at the time would depreciate the seriousness of the individual's crime or promote disrespect for the law;

   (c) Whether the individual's release would have an adverse effect on institutional discipline;

   (d) Whether the individual's continued incarceration will substantially enhance his ability to lead a law abiding life when released at a later date.

(3) To make these determinations the Commission examines:

Plaintiff's behavior to be satisfactory, but reasoned that he should be given a three-year set-off to "give the subject time to clear up a court issue (judicial review) and pursue modification of sentence." The judicial review referenced in the parole decision relates to an action that Plaintiff indicated he had filed in the Circuit Court for Allegany County. (*Id*. at Exs. 2 & 3). Commissioner Meehan affirms that Plaintiff's parole consideration has not been and will never be affected by the alleged erroneous report because that report is not in his parole file. (*Id*. at Ex. 2).

---

> (a) The offender's prior criminal and juvenile record and his response to prior incarceration, parole or probation, or both;
>
> (b) The offender's behavior and adjustment and his participation in institutional and self-help programs;
>
> (c) The offender's vocational, educational, and other training;
>
> (d) The offender's current attitude toward society, discipline, and other authority, etc.;
>
> (e) The offender's past use of narcotics, alcohol, or dangerous controlled substances;
>
> (f) Whether the offender has demonstrated emotional maturity and insight into his problems;
>
> (g) Any reports or recommendations made by the sentencing judge, the institutional staff, or by a professional consultant such as a physician, psychologist, or psychiatrist;
>
> (h) The offender's employment plans, his occupational skills, and his job potential;
>
> (i) The offender's family status and stability;
>
> (j) The offender's ability and readiness to assume obligations and undertake responsibilities;
>
> (k) The adequacy of the offender's parole plan and the availability of resources to assist him;
>
> (l) Any other factors or information which the Commission may find relevant to the individual offender's consideration for parole.

In his Opposition and Surreply, Plaintiff continues to argue that Defendant Miles erred by failing to provide a written report of the charging infraction.  (ECF No. 28).   He alleges that his transfer to WCI was arbitrary and as he was unable to challenge the false claim that he had threatened a staff member at JCI, the transfer "creat[ed] an atypical hardship."  Plaintiff contends that summary judgment should be granted in his favor as Defendants' actions caused him "substantial prejudice."  (*Id*.).  He further argues that the erroneous information regarding his threatening JCI staff was not removed from his prison file until this Court issued its February 2012 opinion.  (ECF No. 30).  Plaintiff asserts that his claim arises from the "cumulative amount of prejudice" committed by all three Defendants related to the failure to provide a timely written infraction report, to conduct an interview with Plaintiff, and to review Plaintiff's Administrative Remedy Procedure ("ARP") grievance.  (*Id*.).  The only claim that was allowed to proceed, however, concerned the alleged erroneous information in the file.

This Circuit has held that in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges that: (1) information is in his parole file; (2) the information is false; and (3) the information is relied on to a constitutionally significant degree.  *See Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979).  There was no Fourteenth Amendment deprivation here.  Petitioner received parole reviews in 2007 and 2011, and was recommended for re-hearings in four- and three-year intervals respectively.  It remains undisputed that the alleged erroneous information was not considered or reviewed as part of the parole decision by the MPC in October 2011.  The information was not in Plaintiff's parole file.  Indeed, the Commissioners found Plaintiff's behavior to be satisfactory.  In sum, the MPC did not rely on the allegedly untrue report in reaching its decision to reconsider him for parole in October of 2014.  The Court finds nothing constitutionally untoward regarding this parole process.

For the foregoing reasons, the Complaint shall be dismissed as to Defendant Miles. Defendants Carder and Morgan's Motion for Summary Judgment shall be granted. A separate Order follows.


Date:   September 20, 2012                                /s/
                                                      DEBORAH K. CHASANOW
                                                     United States District Judge